JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| TYRONE LEE TOLIVER, | ) Case No. CV 19-06749-DSF (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| RALPH DIAZ, CDCR Secretary, | ) |
| Respondent. | ) |

**BACKGROUND**

On August 1, 2019, Tyrone Lee Toliver ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the Ninth Circuit Court of Appeals. (Docket Entry No. 2). The Petition was transferred to the United States District Court for the Central District of California on August 2, 2019. (Docket Entry No. 1). Petitioner challenges the

25-years-to-life sentence he received following his 2002 conviction for second degree robbery in the Los Angeles County Superior Court (Case No. BA216287). The Petition solely alleges that the prosecution used "facts" (an unspecified document from a 1993 adjudicated juvenile case) not found true by a jury or admitted to by Petitioner to increase Petitioner's sentence "[i]n violation of the U.S. Constitution's Sixth Amendment right a jury trial pursuant to People v. Gallardo (2017) 4 Cal. 5th 120 and the amendments of Penal Code 1170, and in violation of Cunningham v. California 549 U.S. (2007)[.]" (Petition at 6, Attachment "D").

Petitioner has filed the following habeas petitions in this Court challenging the same conviction and sentence:

(1) On July 8, 2003, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See Tyrone L. Toliver v. Derral G. Adams, Case No. CV 03-04860-AHM (AN); Docket Entry No. 1 ("prior habeas action"). On September 29, 2004, the district court issued an Order and Judgment denying the petition with prejudice, in accordance with the findings and recommendations of the assigned Magistrate Judge. (Id.; Docket Entry Nos. 23, 26-27). On November 19, 2004, the district court denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 31). On March 8, 2005, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 30).

2

(2) On May 2, 2005, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See <u>Tyrone Lee Toliver v. United States of America</u>, Case No. CV 05-03277-DSF (AN); Docket Entry No. 1. On May 24, 2005, the district court issued an Order and Judgment dismissing the petition without prejudice, based on Petitioner's failure to obtain authorization from the Ninth Circuit Court of Appeals to file a second of successive petition in this Court. (<u>Id.</u>; Docket Entry Nos. 3-4).

(3) On June 7, 2019, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See <u>Tyrone Lee Toliver v. Ralph Diaz</u>, Case No. CV 19-04970-DSF (AS); Docket Entry No. 1. On June 13, 2019, the district court issued an Order and Judgment dismissing the petition without prejudice, based on Petitioner's failure to obtain authorization from the Ninth Circuit Court of Appeals to file a second or successive petition in this Court, and denied Petitioner a certificate of appealability. (<u>Id.</u>; Docket Entry Nos. 3-5).[1]

---

[1] Petitioner still has not sought authorization from the Ninth Circuit Court of Appeals to file a second or successive petition in this Court. In fact, the habeas petition Petitioner filed in the Ninth Circuit Court of Appeals on August 1, 2019 (which was then transferred to this Court) appears to be identical to the habeas petition Petitioner filed in this Court on June 7, 2019.

3

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-

judge panel of the court of appeals.

  (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

  (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

  (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

  (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A)."  Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition, filed on August 2, 2019, and the prior habeas action both challenge Petitioner's custody pursuant to the same 2002 judgment entered by the Los Angeles County Superior Court.  Accordingly, the instant Petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition.  See 28

5

U.S.C. §2244(b)(3)(A).  No such authorization has been obtained in this case.

Moreover, the claim asserted in the instant Petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001).  However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007)(where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000)("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition.  See Burton v. Stewart, supra.

6

**ORDER**

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 27, 2021

                                            _/s/ Dale S. Fischer_
                                          DALE S. FISCHER
                                          UNITED STATES DISTRICT JUDGE